U.S. Department of Justice

United States Attorney
District of Maryland
Southern Division

Rod J. Rosenstein
United States Attorney

Bryan E. Foreman
Assistant United States Attorney

400 United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770-1249

DIRECT: 301-344-4238
MAIN: 301-344-4433
FAX: 301-344-4516
TTY/TDD: 301-344-2426
Bryan.Foreman@usdoj.gov

September 21, 2009

Steven D. Kupferberg, Esquire
5904 Hubbard Drive
Rockville, Maryland 20852

  Re: United States v. Collin McKenzie-Gude
    Crim. No. PJM-08-0518

Dear Mr. Kupferberg:

  This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by September 22, 2009, it will be deemed withdrawn and no other offer will be made. The terms of the agreement are as follows:

### Offense of Conviction

  1. The Defendant agrees to enter a conditional plea of guilty, pursuant to Fed. R. Crim. P. 11(a)(2), to Count One of the Indictment now pending against him, which charges him with possession of a destructive device, in violation of 26 U.S.C. § 5861. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: (1) on or about the date alleged in the indictment, the defendant had possession of a firearm; (2) the defendant had knowledge that what he was possessing was a firearm; and (3) this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Revised 8/8/08

Steven D. Kupferberg, Esq.
September 21, 2009
Page 2

## Penalties

3.  The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: 10 years incarceration, followed by three years supervised release and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Court may make a recommendation regarding the institution at which he will serve any term of imprisonment, however, that is simply a recommendation and the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Steven D. Kupferberg, Esq.
September 21, 2009
Page 3

any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

       d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

       e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

       f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the Court's July 27, 2009 Order denying his motion to suppress evidence and to appeal his sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

       g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

       h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Advisory Sentencing Guidelines Apply

       5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

       6.     This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

Steven D. Kupferberg, Esq.
September 21, 2009
Page 4

    a.    The base offense level is **18** because the offense involved a firearm as described in 26 U.S.C. § 5845(a), pursuant to U.S.S.G. § 2K2.1(a)(5).

    b.    There is **2**-level increase because the offense involved a destructive device, pursuant to U.S.S.G. § 2K2.1(b)(3)(B).

    c.    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office **will not** make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease because the Defendant **did not** make a timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

    7.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

Guidelines Factors Not Stipulated

    8.    This Office and the Defendant agree that the following sentencing guidelines factors are in dispute:

    a.    The parties do *not* agree as to the appropriate increase level attributable to the number of firearms involved in the offense and relevant conduct. This Office will seek a 4-level increase because the offense of conviction and relevant conduct involved between 8 and 24 firearms as defined in 26 U.S.C. § 5845, pursuant to U.S.S.G. § 2K2.1(b)(1)(B). The Defendant contends that there should not be any increase because the offense of conviction and relevant conduct involved less than 3 firearms as defined in 26 U.S.C. § 5845, pursuant to U.S.S.G. 2K2.1(b)(1)(A).

    b.    The parties do *not* agree as to whether the advisory guidelines calculation should be increased by 4 levels pursuant to U.S.S.G. § 2K2.1(b)(6) because the defendant possessed the firearm with reason to believe that it would be used or possessed in connection with another felony offense. This Office will seek this enhancement; the Defendant will oppose it.

Steven D. Kupferberg, Esq.
September 21, 2009
Page 5

      c.    If this Office prevails with respect to both enhancements described above, the final offense level is 25. If the Defendant prevails with respect to the enhancement described in subparagraph (a) and this Office prevails with respect to the enhancement described in subparagraph (b), the final offense level is 23. If this Office prevails with respect to the enhancement described in subparagraph (a) and the Defendant prevails with respect to the enhancement described in subparagraph (b), the final offense level is 21. If the Defendant prevails with respect to both enhancements, the final offense level is 18.

      9.    With respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, this Office and the defendant have reserved the right to argue for any factor that could take the sentence outside of the advisory guidelines range and each party will notify the other party, the Court and the United States Probation Officer at least ten days in advance of sentencing of the facts or issues they intend to raise.

### Obligations of the United States Attorney's Office

      10.    This Office reserves the right to seek any sentence provided by statute. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

      11.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

      12.    The Defendant expressly reserves his right to appeal this Court's July 27, 2009 Order denying his motion to suppress evidence. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from any sentence within or below the adjusted base offense level of 18, and this Office waives any right to appeal from any sentence within or above the adjusted base offense level of 25. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Steven D. Kupferberg, Esq.
September 21, 2009
Page 6

## Obstruction or Other Violations of Law

13.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

15.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea

Steven D. Kupferberg, Esq.
September 21, 2009
Page 7

agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: *(signature)*
Bryan E. Foreman
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9/21/09
Date

*(signature)*
Collin McKenzie-Gude

I am Mr. McKenzie-Gude's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/21/09
Date

*(signature)*
Steven D. Kupferberg